**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LAS VEGAS ROCK, INC.,<br><br>                    Plaintiff,<br><br>vs.<br><br>CLARK COUNTY DEPARTMENT OF<br>AVIATION, et al.,<br><br>                    Defendants. | Case No. 2:08-cv-00752-BES-PAL<br><br>**ORDER**<br><br>(M/Join - #11) |

The court conducted a hearing on defendant Clark County's Motion to Join the United States Under Rule 19 and to Stay Proceedings Pending Exercise of Primary Jurisdiction by the Federal Bureau of Land Management (#11) on August 26, 2008. Mike Foley appeared on behalf of Clark County, and Kent Larsen appeared on behalf of the plaintiff. During the hearing, counsel requested until September 30, 2008 in which to serve an amended complaint. The court has considered the motion, plaintiff's Response (#14), and the arguments of counsel at the time of hearing.

**BACKGROUND**

The Complaint in this case was filed in state court and removed (#1) on June 10, 2008. The plaintiff seeks a declaratory judgment that seventeen mill site claims located on federal land in Clark County, Nevada, generally referred to as the "Apple Rose mill sites," are valid, and to quiet title against the Clark County Department of Aviation. The parties agree that the United States owns the land which is managed by the Bureau of Land Management ("BLM"). Pursuant to Public Law 109-115, § 180, Congress directed the Secretary of the Interior to convey title to Clark County for use as a heliport to accommodate increasing demand for helicopter air tours, primarily air tours to the Grand Canyon. The Department of Interior has not transferred title to the disputed property to Clark County and will not do

so until the Bureau of Land Management completes its environmental analysis under the National Environmental Policy Act ("NEPA").  Although Clark County takes the position plaintiff's mill site claims are invalid, both parties acknowledge that BLM has primary jurisdiction to determine the validity of any disputed unpatented mill site claims on public land.

In the current motion, Clark County seeks to join the United States as a necessary party pursuant to Fed. R. Civ. P. 19(a)(1), and to stay these proceedings while the Bureau of Land Management has completed its validity examination of the plaintiff's mill site claims.  The plaintiff initially opposed both requests but filed a written response indicating it no longer objected to joining the United States as a party to this action or to a stay of the action while BLM exercises its primary jurisdiction inasmuch as BLM has now initiated a validity examination.

**DISCUSSION**

Both sides acknowledge that the United States owns the fee to the disputed parcels at issue in this lawsuit.  As such, the United States is an indispensable party.  See, *e.g.*, U.S. v. Wood, 466 F.2d 1385 (9th Cir. 1972) (holding that all persons interested in title are indispensable parties and a suit to quiet title).  Both sides also agree that BLM has primary jurisdiction to determine the validity of plaintiff's unpatented mining claims.  See, *e.g.*, Best v. Humboldt Placer Mining Co., 371 U.S. 334, 336; U.S. v. Bagwell, 961 F.2d 1450, 1454 (9th Cir. 1992).  Finally, both parties concede that the BLM has now undertaken a validity determination, and that the Ninth Circuit has held that where the doctrine of primary jurisdiction applies, the court should stay the case while the administrative body, in this case the BLM, completes its validity examination.  See, United States v. Henri, 828 F.2d 526, 528 (9th Cir. 1987).

Having reviewed and considered the matter, and for good cause shown,

**IT IS ORDERED:**

1. Defendant Clark County's Motion to Join the United States Under Rule 19 (#11) is GRANTED.  Plaintiff shall have until **September 30, 2008** in which to file an amended complaint naming the United States as a defendant.
2. Except for filing the amended complaint, and the United States' answer or other appearance, all proceedings in this matter are STAYED pending the Bureau of Land

Management's exercise of primary jurisdiction over the disputed mining claims at issue in this case.

3. The parties shall submit a joint status report no later than **February 23, 2009**, advising the court of the status of the claim examination process.

Dated this 26th day of August, 2008.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE